UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES H. MURUNGI                         CIVIL ACTION

VERSUS                                   NO: 09-3109

TEXAS GUARANTEED                         SECTION: R(1)
SALLIE MAE


**ORDER**

Before the Court is James H. Murungi's Motion for Preliminary Injunction of Wage Garnishment. Murungi's Motion is denied because he has not shown a likelihood of success on the merits.

**I.  Background**

Murungi filed a reconventional demand against Sallie Mae and Texas Guaranteed in state court for alleged predatory lending practices, including wage garnishment. (*See* R. Doc. 1.) Defendants removed to the Eastern District of Louisiana on 20 March 2009. (*Id.*) Murungi filed this Motion for Preliminary

Injunction soon after on 2 April 2009. (*See* R. Doc. 6.) His Motion alleges that defendants garnished his wages without complying with the Higher Education Act and its implementing regulations. Specifically, Murungi states: "The totality of defendant's activities, show that plaintiff's wage garnishment was executed in bad faith and that defendants did not perform due diligence. The constitutional protection provided to plaintiff under 20 U.S.C. § 1095a(4) and 34 C.F.R. § 682.410 et seq. of federal laws were violated by defendants." Although Murungi's Complaint alleges state law claims as well, his Motion for Preliminary Injunction relies on the alleged violations of federal law only.

**II. Analysis**

Murungi must show a likelihood of success on the merits to get a preliminary injunction, amongst other things.[1] *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008)("Plaintiffs seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits...."). Here, Murungi cannot show a likelihood of success because the Higher Education Act

---

[1] Murungi must also show a substantial threat that he will suffer irreparable harm if the injunction is not granted; that the threatened injury outweighs any damage that the injunction might cause the defendant; and that the injunction will not disserve the public interest. *Nichols*, 532 F.3d at 372.

2

does not create a private right for borrowers to sue lenders or guaranty agencies.

"There is no express right of action under the HEA except for suits brought by or against the Secretary of Education." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)(*citing* 20 U.S.C. § 1082(a)(2)). *See also, e.g., Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004)("It is well-settled that the HEA does not expressly provide debtors with a private right of action."); *St. Mary of the Plains College v. Higher Educ. Loan Program*, 724 F. Supp. 803, 806 (D.Kan. 1989)("The relevant provisions of 20 U.S.C. §§ 1071 et seq. do not expressly create a private cause of action for an institution, lender or student."). Further, only one court has held that the HEA implies a private right. *See DeJesus Chavez v. LTV Aerospace Corp.*, 412 F. Supp. 4 (N.D.Tex. 1976). Every other court has come out the other way. *See, e.g., Labickas v. Arkansas State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996)(per curiam)(students have no private right against educational institutions); *Parks*, 51 F.3d at 1484 (9th Cir. 1995)(educational institutions have no private right against loan guaranty programs); *L'ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992)(students have no private right against educational institutions); *Waugh v. Connecticut Student Loan Fd.*, 966 F.

3

Supp. 141, 143 (D. Conn. 1997)(student has no private right against state guaranty agency); *Moy v. Adelphi Inst., Inc.*, 866 F. Supp. 696, 705 (E.D.N.Y 1994)(students have no private right against vocational school); *Williams v. Nat'l Sch. of Health Tech., Inc.*, 836 F. Supp. 273, 277-78(E.D.Pa. 1993)(students have no private right under the HEA). Though the Fifth Circuit has not decided the issue, the Court sides with the weight of authority holding that the HEA does not imply a private remedy for borrowers to sue lenders or guaranty agencies.

Whether a statute implies a cause of action turns on a four--part test. *See Wright v. Allstate*, 500 F.3d 390, 395 (5th Cir. 2007)(*citing Cort v. Ash*, 422 U.S. 66, 78 (1975)). The Court first considers whether the plaintiff is a member of the class for whose special benefit the statute was passed and whether the cause asserted is one that is traditionally relegated to state law.[2] *Id.* More importantly, the Court examines any legislative

---

[2] Courts examining whether the HEA creates a private right have not given the state law inquiry much consideration, focusing more on legislative intent. *See, Labickas v. Arkansas State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996)(no discussion of state law); *L'ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992)(same). The Court notes, however, that Murungi's complaint alleges fraud, intentional infliction of emotional distress, and defamation. These charges are traditionally matters of state law and so weigh in favor of finding no federal private cause of action. *See Robinett*, 2000 WL 798407, at *5 ("As to the fourth factor, Robinett's factual allegation are in the nature of negligence, misrepresentation, breach of contract, conversion, fraud and/or breach of fiduciary duty. Because they types of assertions are traditionally relegated to state law, this *Cort* factor also weighs against an implied right of action.").

4

intent to create or deny a private remedy and whether an implied remedy is consistent with the purpose of the legislative scheme. *Id.* Since the critical inquiry is whether Congress meant to create a private right, *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 24 (1979), these two factors carry more weight. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145 (1985).

The HEA was enacted to benefit student borrowers like Murungi, and this factor cuts clearly in favor of finding a private right. *See Parks Sch. of Bus., Inc.*, 51 F.3d at 1484 ("Clearly, the HEA was enacted to benefit students."); *Robinett v. Delgado Community College*, No. 99-2545, 2000 WL 798407, at *4 (E.D.La. June 19, 2000)("The Higher Education Act was enacted to benefit students by providing them with access to education."). But, the critical factors focused on legislative intent weigh decidedly against Murungi. "No provision [of the HEA] provides for student enforcement or entitlement to civil damages." *L'ggrke,* 966 F.2d at 1348 (10th Cir. 1992); *St. Mary of the Plains College,* 724 F. Supp. at 806 ("Noticeably absent from [the HEA] is any provision for students or institutions to proceed by suit against a lender."). Rather, the HEA gives the Secretary of Education power to enforce compliance with the terms of the Act. *See Parks Sch. of Bus., Inc.*, 51 F.3d at 1485 ("In § 1082 [of the

5

HEA], the Secretary of Education was given wide-ranging authority to enforce the provisions of the Act...."). The clear inference drawn by courts from Congress's broad delegation of authority to the Secretary is that Congress did not intend for borrowers to enforce the HEA through a private remedy. See, e.g, Labickas, 78 F.3d at 334 ("The HEA specifies that the Secretary of Education has the power to carry out the Act's purposes; the Secretary has promulgated numerous and comprehensive regulations that regulate educational institutions's compliance with the HEA; and the statute and legislative history do not other wise suggest congressional intent to create a private remedy."); *St. Mary of the Plains College,* 724 F. Supp. at 806 ("In light of the extensive enforcement authority given to the Secretary under this program, this court is convinced that Congress intended this mechanism to be the exclusive means for ensuring a lender's compliance with the statutes and regulations.").

In *L'ggrke v. Benkula*, 966 F.2d 1346 (10th Cir. 1992), the Tenth Circuit analyzed the HEA, its implementing regulations, and the legislative history before concluding:

> The express language of the Higher Educations Act, and the regulations promulgated thereunder, does [sic] not create a private cause of action, and there is nothing in the Act's language, structure or legislative history from

> which a congressional intent to provide such a remedy can be implied.... Rather, as discussed above, Title IV's provisions demonstrate that Congress vested exclusive enforcement authority in the Secretary of Education. To imply a private right on the part of a student would conflict with the enforcement powers of the Secretary and thus would be inconsistent with the underlying purpose of the statute."

*Id.* at 1348; *see also id.* ("Where a statute provides an administrative enforcement mechanism, the presumption is that no private cause of action is intended."); *St. Mary of the Plains College*, 724 F. Supp. at 808 ("In light of the extensive enforcement authority given to the secretary under this program, this court is convinced that Congress intended this mechanism to be the exclusive means for ensuring a lender's compliance with the statute and regulations."). The Court agrees that the HEA does not provide a private cause of action for borrowers to sue lenders or guaranty agencies.

## III. Conclusion

Because Murungi has failed to demonstrate a likelihood of success on the merits of his claims based on the Higher Education Act and implementing regulations, his Motion for Preliminary

7

Injunction is DENIED.

New Orleans, Louisiana, this 22nd day of May, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE