UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES H. MURUNGI                                CIVIL ACTION

VERSUS                                          NO: 09-3109

TEXAS GUARANTEED                                SECTION: R(1)
SALLIE MAE


**<u>SUMMARY ORDER</u>**

Before the Court is plaintiff James H. Murungi's motion for reconsideration of the timeliness of defendants' motions to dismiss.  (R. Doc. 52.)  Murungi asserts that defendants did not file timely motions to dismiss after removing this action to federal court, and accordingly their motions should have been denied.  Pursuant to the Federal Rules of Civil Procedure applicable at the time Murungi's action was removed to this Court, defendants were required to answer or present other defenses within 20 days of removal.[1]  Fed. R. Civ. P. 81(c)(2).  The day of removal is excluded from the computation of this 20

---

[1] Rule 81(c)(1) currently provides for 21 days, but this 21 day period did not take effect until December 1, 2009.

day time period.  *See* Fed. R. Civ. P. 6(a)(1), (3).

Murungi filed a *pro se* reconventional demand against Sallie Mae and Texas Guaranteed in state court for alleged predatory lending practices.  (*See* R. Doc. 1-3.)  The action was removed to the Eastern District of Louisiana on March 20, 2009.  (R. Doc. 1.)  On April 2, 2009 (*i.e.*, 13 calendar days after removal), Sallie Mae moved the court for an additional 20 days to file responsive pleadings.  (R. Doc. 3.)  This motion was unopposed and granted on April 6, 2009.  (R. Doc. 8.)  On April 9, 2009 (*i.e.*, 20 calendar days after removal), Texas Guaranteed moved the Court for an additional 20 days to file responsive pleadings. (R. Doc. 9.)  This motion too was unopposed and granted on April 15, 2009.  (R. Doc. 15.)  On April 13, 2009 (*i.e.*, 13 days after the Court's April 6, 2009 order), Sallie Mae moved to dismiss Murungi's claims.  (R. Doc. 10.)  On May 7, 2009 (*i.e.*, 22 days after the Court's April 13, 2009 order), Texas Guaranteed moved to dismiss Murungi's claims.  (R. Doc. 23.)  On July 2, 2009, this Court granted in part and denied in part both defendants' motions to dismiss.  (R. Doc. 30.)  Murungi did not object to the timeliness of defendants' motions in his oppositions.  (*See* R. Docs. 20, 25.)  Murungi now seeks reconsideration of the Court's July 2, 2009 order on grounds that defendants' motions to dismiss were untimely.

In accordance with Rule 81(c)(2), Sallie Mae's motion for a 20 day extension to file responsive pleadings was filed within 20 days of removal of this action. In turn, Sallie Mae's motion to dismiss was filed with 20 days of this Court's order granting the 20 day extension. Accordingly, Sallie Mae's motion to dismiss was timely filed, and Murungi's motion for reconsideration is DENIED with respect to Sallie Mae.

In accordance with Rule 81(c)(2), Texas Guaranteed's motion for a 20 day extension to file responsive pleadings was filed within 20 days of removal of this action. Although, Texas Guaranteed's motion to dismiss was filed 22 days after this Court's order granting the 20 day extension, the time for objecting to these two extra days has passed. Murungi did not object to the timeliness of Texas Guarantee's motion to dismiss in his opposition to it, and he has not alleged any prejudice arising from these two extra days. Murungi's motion for reconsideration is therefore DENIED with respect to Texas Guaranteed. *See, e.g.*, Fed. R. Civ. P. 6(b); *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]."); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) ("Accepting the

motion a day late was clearly within the court's discretion.").

New Orleans, Louisiana, this 30th day of December, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE